IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| SAVE CORAL BAY, INC.,<br>CORAL BAY COMMUNITY COUNCIL,<br>and DAVID SILVERMAN<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, the DISTRICT COMMANDERS FOR THE JACKSONVILLE DISTRICT OF THE ARMY CORPS OF ENGINEERS, MATTHEW A. WESTCOTT and BRANDON BOWMAN (in their official capacity), and the CHIEF, PALM BEACH GARDENS SECTION, ARMY CORPS OF ENGINEERS (in her official capacity)<br><br>Defendants.<br>and<br>THE SUMMER'S END GROUP, LLC,<br><br>Intervenor Defendant. | Case No. 3:26-cv-00042<br><br>Action for Declaratory and Injunctive Relief |

**INTERVENOR THE SUMMER'S END GROUP, LLC'S ANSWER TO FIRST AMENDED COMPLAINT**

Intervenor-Defendant The Summer's End Group, LLC's ("SEG") submits the following Answer to the First Amended Complaint for Declaratory and Injunctive Relief (Doc. No. 13-2) ("Complaint") filed by Plaintiffs Save Coral Bay, Inc. ("SCB"), Coral Bay Community Council ("CBCC"), and David Silverman ("Silverman"). SEG

denies all allegations not specifically admitted. Section headings are included for convenience only and do not constitute admissions.

## INTRODUCTION

1. The allegations in Paragraph 1 constitute a characterization of Plaintiffs' claims, to which no response is required.

2. The allegations in Paragraph 2 constitute a characterization of Plaintiffs' claims and contain legal conclusions, to which no response is required. To the extent a response is required, SEG denies the allegations in Paragraph 2.

3. SEG admits the allegations in Paragraph 3 insofar as the United States' Corps of Engineers ("Corps") issued approvals under Section 10 of the Rivers and Harbors Act, 33 U.S.C. § 403 ("RHA") and Nationwide Permits ("NWP") 1, 18, and 27 under the Clean Water Act, 33 U.S.C. § 1344 ("CWA") and RHA, Section 10 for the Projects that are the subject of the Complaint. Otherwise, denied.

4. The allegations in Paragraph 4 constitute a characterization of Plaintiffs' claims, to which no response is required. To the extent that a response is required, the allegations are denied.

5. SEG admits that the United States Environmental Protection Agency ("EPA") identified Aquatic Resources of National Importance within Coral Harbor. Otherwise, denied.

6. The allegations in Paragraph 6 are denied.

7. The Corps' approvals and decision documents speak for themselves and are the best evidence of their contents, and SEG denies any allegations that are inconsistent therewith.

8. SEG lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 8 and therefore denies the allegations.

9. The allegations in Paragraph 9 state legal conclusions, to which no response is required. To the extent a response is required, SEG denies the allegations.

**JURSIDCTION AND VENUE**

10. Paragraph 10 contains legal conclusions, to which no response is required. To the extent a response is required, SEG admits Plaintiffs cite multiple federal laws in support of the allegations contained in Paragraph 10. Otherwise, denied.

11. Paragraph 11 contains legal conclusions, to which no response is required. To the extent a response is required, SEG admits Plaintiffs cite 28 U.S.C. § 1391(e) as supporting venue. Otherwise, denied.

**PARTIES AND STANDING**

12. SEG admits that SCB is a Plaintiff. SEG lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 12 and therefore denies the allegations.

13. SEG admits that CBCC is a Plaintiff. SEG lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 13 and therefore denies the allegations.

14. SEG admits that David Silverman is a Plaintiff. SEG lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 14 and therefore denies the allegations.

15. The allegations in Paragraph 15 state legal conclusions, to which no response is required. To the extent a response is required, SEG admits that SCB and CBCC submitted comments to the Corps. Otherwise, denied.

16. The allegations in Paragraph 16 state legal conclusions, to which no response is required. To the extent further response is required, SEG denies the allegations.

17. The allegations in Paragraph 17 constitute a characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, SEG lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 17 and therefore denies the allegations.

18. Paragraph 18 contains legal conclusions, to which no response is required. Otherwise, denied.

19. The allegations in Paragraph 19 state legal conclusions, to which no response is required. To the extent further response is required, SEG lacks sufficient knowledge or information to admit or deny the allegations and therefore denies the allegations.

20. The allegations in Paragraph 20 state legal conclusions, to which no response is required. To the extent further response is required, SEG admits that Silverman submitted comments to the Corps but otherwise lacks sufficient knowledge

or information to admit or deny the remaining allegations and therefore denies the allegations.

21. SEG admits Plaintiffs submitted comments to the Corps. Otherwise, denied.

22. SEG lacks sufficient knowledge or information to admit or deny the allegations and therefore denies the allegations.

23. The allegations in Paragraph 23 state legal conclusions to which no response is required. To the extent further response is required, SEG denies the allegations.

24. SEG admits that the Corps is a federal agency and Defendant. SEG is not otherwise required to admit or deny the legal status of any party and therefore denies the remaining allegations.

25. SEG admits that Colonel Bowman signed the Section 10 permit and the verification under NWP 27 and is sued in his official capacity only. The remaining allegations in Paragraph 25 are denied.

26. SEG admits that Lt. Colonel Westcott signed the verification under NWPs 1 and 18 and is sued in his official capacity only. The remaining allegations in Paragraph 26 are denied.

27. SEG admits that Alisa Zarbo is Chief of the Army Corps' Palm Beach Gardens Section and signed the Memoranda for Record as the preparer and is sued in her official capacity only. SEG lacks sufficient knowledge or information to admit or deny the remaining allegations and therefore denies the allegations.

## LEGAL BACKROUND

28. The allegations in Paragraph 28 state legal conclusions, to which no response is required. To the extent further response is required, SEG denies the allegations.

29. SEG admits that the CWA was enacted in 1972 and the quoted language in Paragraph 29 is quoted correctly from the CWA. To the extent further response is necessary, the CWA speaks for itself and is the best evidence of its contents. Otherwise, denied.

30. The allegations in Paragraph 30 are characterizations and language from the CWA and the Corps' regulations promulgated pursuant thereto, to which no response is required. To the extent a response is required, the referenced law and regulations speak for themselves and are the best evidence of their content. Otherwise, denied.

31. The allegations in Paragraph 31 are characterizations of the Corps' regulations, to which no response is required. To the extent a response is required, the referenced regulation speaks for itself and is the best evidence of its contents. Otherwise, denied.

32. Paragraph 32 contains legal conclusions, to which no response is required. To the extent a response is required, the CWA speaks for itself and is the best evidence of its contents. Otherwise, denied.

33. Paragraph 33 contains legal conclusions, to which no response is required. To the extent a response is required, the referenced regulation speaks for itself and is the best evidence of its contents. Otherwise, denied.

34. The allegations in Paragraph 34 are characterizations of the RHA, to which no response is required. To the extent a response is required, the RHA speaks for itself and is the best evidence of its contents. Otherwise, denied.

35. The allegations in Paragraph 35 are characterizations of the Coastal Zone Management Act ("CZMA"), to which no response is required. To the extent a response is required, the CZMA speaks for itself and is the best evidence of its contents. Otherwise, denied.

36. The allegations in Paragraph 36 are characterizations of the CZMA, to which no response is required. To the extent a response is required, the CZMA speaks for itself and is the best evidence of its contents. Otherwise, denied.

37. Paragraph 37 contains characterizations of the CZMA, to which no response is required. To the extent a response is required, the CZMA speaks for itself and is the best evidence of its contents. Otherwise, denied.

38. The allegations in Paragraph 38 are characterizations of the Corps' regulations, to which no response is required. To the extent a response is required, the regulation speaks for itself and is the best evidence of its contents. Otherwise, denied.

39. Paragraph 39 contains characterizations of the Virgin Islands Coastal Zone Management Act ("VICZMA") and the Virgin Islands Rules and Regulations

(“VIRR”), to which no response is required. To the extent a response is required, the VICZMA and VIRR speak for themselves and are the best evidence of their contents. Otherwise, denied.

40. The allegations in Paragraph 40 are characterizations of the VICZMA and VIRR, to which no response is required. To the extent a response is required, the cited regulation speaks for itself and is the best evidence of its contents. Otherwise, denied.

41. Paragraph 41 contains characterizations of the VIRR, to which no response is required. To the extent a response is required, the cited regulation speaks for itself and is the best evidence of its contents. Otherwise, denied.

42. Paragraph 42 contains characterizations of the VIRR, to which no response is required. To the extent a response is required, the cited regulation speaks for itself and is the best evidence of its contents. Otherwise, denied.

43. The allegations in Paragraph 43 constitute legal conclusions, to which no response is required. To the extent a response is required, the cited statute and regulations speak for themselves and are the best evidence of their content. Otherwise, denied.

44. The allegations in Paragraph 44 contain characterizations of the Corps’ regulations and constitute legal conclusions, to which no response is required. To the extent a response is required, the cited regulation is the best evidence of its contents and speaks for itself. Otherwise, denied.

45. The allegations in Paragraph 45 contain characterizations of the Corps' regulations and constitute legal conclusions, to which no response is required. To the extent a response is required, the cited regulations are the best evidence of their contents and speaks for themselves. Otherwise, denied.

46. Paragraph 46 constitutes a legal conclusion, to which no response is required. To the extent a response is required, the allegations are denied.

47. The allegations in Paragraph 47 contain characterizations of the Corps' regulations and constitute legal conclusions, to which no response is required. To the extent a response is required, the cited regulations are the best evidence of their contents and speaks for themselves. Otherwise, denied.

48. The allegations in Paragraph 48 contain characterizations of the Corps' regulations and constitute legal conclusions, to which no response is required. To the extent a response is required, the cited regulations are the best evidence of their contents and speaks for themselves. Otherwise, denied.

49. Paragraph 49 contains a characterization of the Corps' regulations and legal conclusions, to which no response is required. To the extent a response is required, the cited regulation is the best evidence of their contents and speaks for itself. Otherwise, denied.

50. Paragraph 50 contains a characterization of the Corps' regulations and legal conclusions, to which no response is required. To the extent a response is required, the cited regulation is the best evidence of their contents and speaks for itself. Otherwise, denied.

51. The allegations in Paragraph 51 contain characterizations of the Corps' regulations and constitute legal conclusions, to which no response is required. To the extent a response is required, the cited regulation is the best evidence of its contents and speaks for itself. Otherwise, denied.

52. The allegations in Paragraph 48 contain characterizations of the CWA and constitute legal conclusions, to which no response is required. To the extent a response is required, the CWA the best evidence of their contents and speaks for themselves. Otherwise, denied.

53. Paragraph 53 contains a characterization of the Corps' regulations and legal conclusions, to which no response is required. To the extent a response is required, the cited regulation is the best evidence of their contents and speaks for itself. Otherwise, denied.

54. Paragraph 54 contains a characterization of the Corps' regulations and legal conclusions, to which no response is required. To the extent a response is required, the cited regulation is the best evidence of their contents and speaks for itself. Otherwise, denied.

55. Paragraph 55 contains a characterization of the Corps' regulations and legal conclusions, to which no response is required. To the extent a response is required, the cited regulation is the best evidence of their contents and speaks for itself. Otherwise, denied.

56. The allegations in Paragraph 56 contain characterizations of the CWA, RHA, and Corps' regulations and constitute legal conclusions, to which no response

is required. To the extent a response is required, the cited laws are the best evidence of their contents and speaks for themselves. Otherwise, denied.

57. The allegations in Paragraph 57 contain characterizations of the Corps' regulations and constitute legal conclusions, to which no response is required. To the extent a response is required, the cited regulation is the best evidence of its contents and speaks for itself. Otherwise, denied.

58. The allegations in Paragraph 58 contain characterizations of the Corps' regulations and constitute legal conclusions, to which no response is required. To the extent a response is required, the cited regulation is the best evidence of its contents and speaks for itself. Otherwise, denied.

59. Paragraph 59 contains characterizations of the Corps' regulations and legal conclusions, to which no response is required. To the extent a response is required, the cited regulations are the best evidence of their contents and speak for themselves. Otherwise, denied.

60. Paragraph 60 contains characterizations of the Corps' regulations and legal conclusions, to which no response is required. To the extent a response is required, the cited regulations are the best evidence of their contents and speak for themselves. Otherwise, denied.

61. The allegations in Paragraph 61 contain characterizations of the Corps' regulations and legal conclusions, to which no response is required. To the extent a response is required, the cited regulation is the best evidence of its contents and speaks for itself. Otherwise, denied.

62. The allegations in Paragraph 62 contain characterizations of the Corps' regulations and legal conclusions, to which no response is required. To the extent a response is required, the cited regulation is the best evidence of its contents and speaks for itself. Otherwise, denied.

63. Paragraph 63 contains characterizations of the Corps' regulations and legal conclusions, to which no response is required. To the extent a response is required, the cited regulation is the best evidence of its contents and speaks for itself. Otherwise, denied.

64. Paragraph 64 contains characterizations of the Corps' regulations and legal conclusions, to which no response is required. To the extent a response is required, the cited regulation is the best evidence of its contents and speaks for itself. Otherwise, denied.

65. The allegations in Paragraph 65 contain characterizations of the Corps' regulations and constitute legal conclusions, to which no response is required. To the extent a response is required, the cited regulation is the best evidence of its contents and speaks for itself. Otherwise, denied.

66. The allegations in Paragraph 66 contain characterizations of the Corps' regulations and constitute legal conclusions, to which no response is required. To the extent a response is required, the cited regulation is the best evidence of its contents and speaks for itself. Otherwise, denied.

67. SEG admits that the Corps' NWPs were reissued in 2026. The remaining allegations in Paragraph 67 contain characterizations of the Corps' Federal Register

notice, “Reissuance and Modification of Nationwide Permits” and constitute legal conclusions, to which no response is required. To the extent a response is required, the Federal Register notice is the best evidence of its contents and speaks for itself. Otherwise, denied.

68. SEG admits that in February 2026, the Caribbean District (“SAA”) of the Corps issued Final Regional Conditions for the 2026 Nationwide Permits in the Caribbean District.

69. The allegations in Paragraph 69 contain characterizations of the SAA District’s Final Regional Conditions and constitute legal conclusions, to which no response is required. To the extent a response is required, the Final Regional Conditions decision document is the best evidence of its contents and speaks for itself, and SEG denies any allegations that are inconsistent therewith.

70. The allegations in Paragraph 70 contain characterizations of the Corps’ Form 4345, “Application for Department of the Army Permit” and constitute legal conclusions, to which no response is required. To the extent a response is required, Form 4345 is the best evidence of its contents and speaks for itself. Otherwise, denied.

71. Paragraph 71 contains characterizations of the Corps’ regulations and constitutes legal conclusions, to which no response is required. To the extent a response is required, the cited regulation is the best evidence of its contents and speaks for itself. Otherwise, denied.

72. The allegations in Paragraph 72 are characterizations of the VICZMA and legal conclusions, to which no response is required. To the extent a response is

required, the cited law speaks for itself and is the best evidence of its contents. Otherwise, denied.

73. The allegations in Paragraph 73 are characterizations of the VICZMA and legal conclusions, to which no response is required. To the extent a response is required, the cited law speaks for itself and is the best evidence of its contents. Otherwise, denied.

74. Paragraph 74 contains characterizations of the VICZMA and legal conclusions, to which no response is required. To the extent a response is required, the cited laws speak for themselves and are the best evidence of their contents.

75. The allegations in Paragraph 75 are characterizations of the VICZMA and legal conclusions, to which no response is required. To the extent a response is required, the cited laws speak for themselves and are the best evidence of their contents. Otherwise, denied.

76. The allegations in Paragraph 76 are characterizations of the VICZMA and legal conclusions, to which no response is required. To the extent a response is required, the cited law speaks for itself and is the best evidence of its contents. Otherwise, denied.

77. The allegations in Paragraph 77 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

78. The allegations in Paragraph 77 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

## FACTUAL BACKGROUND

79. SEG admits it submitted an application for its Projects in April 2014, and the application speaks for itself and is the best evidence of its contents, and SEG denies any allegations that are inconsistent therewith.

80. SEG admits that the Corps initially determined that SEG's application was incomplete, and in response, SEG submitted additional materials in support of its application. The Corps' correspondence and SEG's application and supporting materials speak for themselves and are the best evidence of their contents, and SEG denies any allegations that are inconsistent therewith.

81. SEG admits it obtained a 401 Water Quality Certification from the DPNR Division of Environmental Protection. The Water Quality Certification speaks for itself and is the best evidence of its contents, and SEG denies any allegations that are inconsistent therewith.

82. The allegations in Paragraph 82 are characterizations of Plaintiffs' claims, to which no response is required. To the extent a response is required, the allegations are denied.

83. SEG admits that it obtained a VI CZMA permit. The permit speaks for itself and is the best evidence of its contents. Otherwise, denied.

84. SEG admits that the Corps issued its first public notice for the Projects on January 7, 2015. The public notice speaks for itself and is the best evidence of its contents. Otherwise, denied.

85. SEG admits that it submitted additional materials in support of its application. Those additional materials and the application speaks for themselves and are the best evidence of their contents, and SEG denies any allegations that are inconsistent therewith.

86. Paragraph 86 contains characterizations of a public notice issued by the Corps, which public notice speaks for itself and is the best evidence of its contents, and SEG denies any allegations that are inconsistent therewith.

87. SEG admits that the Corps sent a request for additional information to SEG but otherwise lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies the allegations. To the extent further response is required, correspondence from the Corps speaks for itself and is the best evidence of its contents, and SEG denies any allegations that are inconsistent therewith.

88. The first sentence of Paragraph 88 is admitted insofar as two parcels of land that were originally part of the upland development were sold, but SEG lacks sufficient knowledge to admit or deny the date of those sales. The remaining allegations are characterizations of Corps and EPA correspondence and SEG's permit applications and supporting materials, which documents speak for themselves and are the best evidence of their contents, and SEG denies any allegations that are inconsistent therewith.

89. SEG admits that St. John experienced two category 5 hurricanes in September 2017. The remaining allegations are denied.

90. SEG denies the allegations in Paragraph 90.

91. The allegations in Paragraph 91 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

92. SEG admits that the Corps initiated consultations with other federal agencies, including the National Marine Fisheries Service ("NMFS") and U.S. Fish and Wildlife Service ("FWS"). Otherwise, denied.

93. SEG admits that NMFS requested additional information from SEG. Otherwise, denied.

94. SEG admits that additional studies were submitted after conducting extensive underlying work necessary to support the studies.

95. SEG admits that the Corps submitted a fourth RAI to SEG. Otherwise, denied.

96. The allegations in Paragraph 96 are denied.

97. The allegations in Paragraph 97 are denied.

98. The allegations in Paragraph 98 are denied.

99. The allegations in Paragraph 99 reference a letter submitted by Katherine R. English to the USVI Senate President, which letter speaks for itself and is the best evidence of its content. Otherwise, denied.

100. SEG admits that on December 21, 2020, the USVI Legislature passed Bill No. 33-0428 (Act No. 8407, signed December 31, 2020) ratifying the consolidated permit. Otherwise, denied.

101. SEG admits that the modified permit was effective as to the VI CZMA permit. Otherwise, denied.

102. The allegations in Paragraph 102 characterize correspondence from the Corps and DPNR Commissioner J.P. Oriol, which correspondence speaks for itself and is the best evidence of its content. Otherwise, denied.

103. The allegations in Paragraph 103 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

104. The allegations in Paragraph 104 are denied.

105. SEG admits it modified the Projects to avoid, minimize, and mitigation for potential impacts. Otherwise, the allegations in Paragraph 105 are denied.

106. SEG admits that the referenced quote is found on p. 39 of Attachment 3 of the Section 10 Memorandum for Record, which is an official Corps document that speaks for itself and is the best evidence of its contents. Otherwise, denied.

107. Official correspondence from the USVI CZM Director speaks for itself and is the best evidence of its contents.

108. The first sentence of Paragraph 108 is denied. The remaining allegations purport to quote language from an online source, which source speaks for

itself and is the best evidence of its contents, and SEG denies any allegations that are inconsistent therewith.

109. SEG admits it submitted a benthic survey. Otherwise, denied.

110. The allegations in Paragraph 110 quote an unreferenced source. Corps' correspondence speaks for itself and is the best evidence of its content. Otherwise, denied.

111. SEG lacks sufficient knowledge to admit or deny the allegations in Paragraph 111 and therefore denies the allegations. To the extent further response is required, the allegations are denied.

112. SEG admits that former Representative Garret Graves served as a member of the House Committee on Natural Resources during the 118th Congress in 2023. The remaining allegations in Paragraph 112 are denied, including the defamatory implication of improper action by SEG, its officers or investors, or Congressman Graves.

113. SEG lacks sufficient knowledge to confirm or deny the allegations in Paragraph 113 and therefore denies the allegations.

114. SEG lacks sufficient knowledge to confirm or deny the allegations in Paragraph 114 and therefore denies the allegations.

115. SEG admits that the Corps engaged in an ESA Section 7 consultation process with NOAA and NMFS. Otherwise, denied.

116. SEG lacks sufficient knowledge to confirm or deny the allegations in Paragraph 116 and therefore denies the allegations.

117. SEG lacks sufficient knowledge to confirm or deny the allegations in Paragraph 117 and therefore denies the allegations.

118. The allegations in Paragraph 118 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

119. SEG lacks sufficient knowledge to confirm or deny the allegations in Paragraph 119 and therefore denies the allegations.

120. SEG lacks sufficient knowledge to confirm or deny the allegations in Paragraph 117 and therefore denies the allegations.

121. The allegations in Paragraph 121 contain characterizations of correspondence from the Corps to SEG's consultant, which correspondence speaks for itself and is the best evidence of its contents, and SEG denies any allegations that are inconsistent therewith.

122. Paragraph 122 references a letter sent to Governor Bryan. That letter speaks for itself and is the best evidence of its contents. Otherwise, denied.

123. SEG lacks sufficient knowledge to confirm or deny the allegations in Paragraph 123 and therefore denies the allegations.

124. Paragraph 124 characterizes testimony before, and an action by, the USVI Legislature. Those proceedings speak for themselves and are the best evidence of their contents and that body's conclusion, and SEG denies any allegations that are inconsistent therewith.

125. Correspondence from the USVI Attorney General speaks for itself and is the best evidence of its contents. SEG admits that the USVI Attorney General determined that the CZM permit had not expired. To the extent further response is required, the allegations in Paragraph 125 are denied.

126. The allegations in Paragraph 126 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

127. Paragraph 127 characterizes correspondence from the St. John CZM Committee. That correspondence speaks for itself and is the best evidence of its contents, and SEG denies any allegations that are inconsistent therewith.

128. The allegations in Paragraph 128 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

129. The VI CZMA permit speaks for itself and is the best evidence of its contents. Paragraph 129 further contains legal conclusions, to which no response is required. To the extent further response is required, the allegations in Paragraph 129 are denied.

130. The allegations in Paragraph 130 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

131. The allegations in Paragraph 131 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

132. The allegations in Paragraph 132 are denied.

133. The allegations in Paragraph 138 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

134. The allegations in Paragraph 134 constitute a legal conclusion, to which no response is required. To the extent a response is required, SEG admits it did not submit a PCN on Form 4345, but it did submit all of the information required by Form 4345.

135. Paragraph 135 references email correspondence, which speaks for itself and is the best evidence of its contents, and SEG denies any allegations that are inconsistent therewith.

136. Paragraph 136 contains characterizations of verifications issued pursuant to NWPs 1, 18, and 27. Those verifications speak for themselves and are the best evidence of their contents, and SEG denies any allegations that are inconsistent therewith.

137. SEG admits that the Corps issued verifications under NWPs 1 and 18 and the Memorandum for Record, all of which were signed on April 8, 2026. Otherwise, denied.

138. SEG admits that the Corps issued a verification under NWP 27, dated March 31, 2026. Otherwise, denied.

139. The Memoranda for Record speaks for themselves and are the best evidence of their contents, and SEG denies any allegations that are inconsistent therewith.

140. The allegations in Paragraph 140 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

141. The allegations in Paragraph 141 constitute characterizations of Plaintiffs' claims, to which no response is required. To the extent a response is required, the allegations are denied.

142. The allegations in Paragraph 142 constitute characterizations of Plaintiffs' claims, to which no response is required. To the extent a response is required, the allegations are denied.

143. The allegations in Paragraph 143 constitute characterizations of Plaintiffs' claims, to which no response is required. To the extent a response is required, the verification issued pursuant to NWP 27 speaks for itself and is the best evidence of its contents, and SEG denies any allegations that are inconsistent therewith.

144. The allegations in Paragraph 144 constitute characterizations of Plaintiffs' claims, to which no response is required. To the extent a response is required, the Memoranda for Record for the verification issued pursuant to NWP 27

speaks for itself and is the best evidence of its contents, and SEG denies any allegation that is inconsistent therewith.

145. The allegations in Paragraph 145 constitute characterizations of Plaintiffs' claims, to which no response is required. To the extent a response is required, the Memorandum for Record speaks for itself and is the best evidence of its contents, and SEG denies any allegations that are inconsistent therewith.

146. The allegations in Paragraph 146 constitute characterizations of Plaintiffs' claims, to which no response is required. To the extent a response is required, the Memorandum for Record speaks for itself and is the best evidence of its contents, and SEG denies any allegations that are inconsistent therewith.

147. The allegations in Paragraph 147 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

148. The allegations in Paragraph 148 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

149. The allegations in Paragraph 149 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

150. SEG admits that its Projects include restoration and creation of 4.596 acres of mangroves and the creation of 0.975 acre of seagrass sloughs. Otherwise, denied.

151. Paragraph 151 contains characterizations of the Corps' Memorandum for Record, which speaks for itself and is the best evidence of its contents, and SEG denies any allegations that are inconsistent therewith.

152. Paragraph 152 constitutes characterizations of the Corps' Memorandum for Record, which speaks for itself and is the best evidence of its contents, and SEG denies any allegations that are inconsistent therewith.

153. The allegations in Paragraph 149 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

154. Paragraph 154 constitutes characterizations of Plaintiffs' claims and Corps correspondence or documents, to which no response is required. To the extent a response is required, Corps documents speak for themselves and are the best evidence of its contents. Otherwise, denied.

155. SEG admits that the Corps determined that indirect impacts (prop wash) impacts to seagrass from the Marina Project are 0.34 acres. Otherwise, denied.

156. Paragraph 156 contains characterizations of the "Corps' rationale" from an unreferenced document. The Corps' decision documents and reasons therefor speak for themselves and are the best evidence of their contents, and SEG denies any allegation inconsistent therewith.

157. The allegations in Paragraph 157 are denied.

158. Paragraph 158 contains characterizations of the "Corps' rationale" from an unreferenced document. The Corps' decision documents and reasons therefor

speak for themselves and are the best evidence of their contents, and SEG denies any allegation inconsistent therewith.

159. The allegations in Paragraph 159 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

160. The allegations in Paragraph 160 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

161. SEG admits that the Unified Mitigation and Assessment Methodology ("UMAM") was used as a tool to determine compensatory mitigation. Otherwise, denied.

162. Paragraph 162 constitutes characterizations of Plaintiffs' claims and Corps correspondence or documents, to which no response is required. To the extent a response is required, Corps documents speak for themselves and are the best evidence of its contents. Otherwise, denied.

163. SEG lacks sufficient knowledge to admit or deny the allegations in Paragraph 163 and therefore denies the allegations.

164. The allegations in Paragraph 164 are denied.

165. The allegations in Paragraph 165 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

166. The allegations in Paragraph 166 constitute legal conclusions, to which no response is required. To the extent Paragraph 166 contains quotes from Corps documents, those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, the allegations are denied.

167. Paragraph 167 constitutes characterizations of Plaintiffs' claims and Corps correspondence or documents, to which no response is required. To the extent a response is required, the allegations are denied.

168. Paragraph 168 constitutes characterizations of Plaintiffs' claims and Corps correspondence or documents, to which no response is required. To the extent a response is required, correspondence and documents from the Corps speak for themselves and are the best evidence of their contents, and SEG denies any allegations that are inconsistent therewith. the allegations are denied.

169. The allegations in Paragraph 169 are denied.

170. Paragraph 170 constitutes characterizations of Plaintiffs' claims, to which no response is required. To the extent a response is required, the allegations are denied.

171. The allegations in Paragraph 171 constitute characterizations of Plaintiffs' claims and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

172. The allegations in Paragraph 172 constitute characterizations of Plaintiffs' claims and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

173. The allegations in Paragraph 173 constitute characterizations of Plaintiffs' claims and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

174. The allegations in Paragraph 174 constitute characterizations of Plaintiffs' claims, to which no response is required. To the extent a response is required, the allegations are denied.

175. The allegations in Paragraph 175 constitute characterizations of Plaintiffs' claims and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

176. The allegations in Paragraph 176 constitute characterizations of Plaintiffs' claims, to which no response is required. To the extent a response is required, the allegations are denied.

177. The allegations in Paragraph 177 constitute characterizations of Plaintiffs' claims and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

178. The allegations in Paragraph 178 constitute characterizations of Plaintiffs' claims and legal conclusions, to which no response is required. Paragraph 178 further purports to quote from an unreferenced Corps document, which document speaks for itself and is the best evidence of its contents, and SEG denies any allegations that are inconsistent therewith.

179. Paragraph 179 contains characterizations from letters, which letters speak for themselves and are the best evidence of their contents, and SEG denies any allegations that are inconsistent therewith.

180. The allegations in Paragraph 180 are denied.

181. The allegations in Paragraph 171 constitute characterizations of Plaintiffs' claims and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

182. SEG admits that the submerged lands would be protected through a Memorandum of Understanding ("MOU") between the Corps, SEG, and the U.S. Virgin Island Government, as outlined in the Section 10 Permit and Memorandum for Record. Otherwise, denied.

183. The allegations in Paragraph 183 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

184. The allegations in Paragraph 184 are denied.

185. SEG admits that the approved permit and verifications, as outlined in those documents and the Memoranda for Record, require, among other things, the MOU to be fully executed and any conservation easements, restrictive covenants, or other appropriate instruments to be reviewed, approved, and recorded (or fully executed) prior to the commencement of construction on the Marina Project. Otherwise, denied.

186. SEG lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 186 and therefore denies the allegations.

187. SEG lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 187 and therefore denies the allegations.

188. SEG lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 188 and therefore denies the allegations.

189. SEG lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 189 and therefore denies the allegations.

190. SEG admits the allegations in Paragraph 190 insofar as the Memorandum for Record acknowledges that the Corps received requests for a public hearing. Otherwise, denied.

191. SEG lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 191. The referenced correspondence from the Corps speaks for itself and is the best evidence of its contents, and SEG denies any allegations that are inconsistent therewith.

192. SEG lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 192 and therefore denies the allegations. To the extent the referenced "Denial Letter" is properly quoted by Plaintiffs, correspondence from the Corps speaks for itself and is the best evidence of its contents, and SEG denies any allegations that are inconsistent therewith. Otherwise, denied.

193. SEG admits that the verification under NWP 27 is dated March 31, 2026, and was signed by Colonel Bowman.

194. The allegations in Paragraph 194 are denied.

195. SEG admits that the verification issued under NWPs 1 and 18 is dated April 8, 2028, and was signed by Lt. Colonel Westcott.

196. SEG admits that the Section 10 permit was signed by Colonel Bowman on April 23, 2026. Otherwise, denied.

197. The allegations in Paragraph 197 characterize the Section 10 permit, which speaks for itself and is the best evidence of its contents, and SEG denies any allegations that are inconsistent therewith.

198. SEG admits the allegations in Paragraph 198 insofar as General Condition 5 of the Section 10 permit requires compliance with the Water Quality Certification, which is attached to the Section 10 permit as Attachment 2. To the extent further response is required, the Water Quality Certification speaks for itself and is the best evidence of its contents, and SEG denies any allegations that are inconsistent therewith.

199. The allegations in Paragraph 199 contain legal conclusions, to which no response is required. To the extent a response is required, the Section 10 permit speaks for itself and is the best evidence of its contents, and SEG denies any allegations that are inconsistent therewith.

200. The Section 10 permit speaks for itself and is the best evidence of its contents, and SEG denies any allegations in Paragraph 200 that are inconsistent therewith.

201. The Section 10 permit speaks for itself and is the best evidence of its contents, and SEG denies any allegations in Paragraph 201 that are inconsistent therewith.

202. The Section 10 permit speaks for itself and is the best evidence of its contents, and SEG denies any allegations in Paragraph 201 that are inconsistent therewith.

203. The Memorandum for Record for the Section 10 permit speaks for itself and is the best evidence of its contents, and SEG denies any allegations in Paragraph 203 that are inconsistent therewith. The allegations in the second sentence of Paragraph 203 constitute legal conclusions, to which no response is required. To the extent further response is required, SEG denies the allegations.

204. SEG lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 204 and therefore denies the allegations.

205. The allegations in Paragraph 205 constitute characterizations of Plaintiffs' claims and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

206. The allegations in Paragraph 206 constitute characterizations of Plaintiffs' claims and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

207. The Special Conditions of the verification issued pursuant to NWP 27 speak for themselves and are the best evidence of its contents, and SEG denies any allegations that are inconsistent therewith.

208. The allegations in Paragraph 208 constitute characterizations of Plaintiffs' claims and legal conclusions, to which no response is required. The verification issued pursuant to NWP 27 speaks for itself and is the best evidence of its contents, and SEG denies any allegations that are inconsistent therewith.

209. The allegations in Paragraph 209 constitute characterizations of Plaintiffs' claims and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

**FIRST CLAIM FOR RELIEF**

210. SEG incorporates all preceding paragraphs by reference.

211. SEG admits that Paragraph 211 contains quotes from the Administrative Procedure Act ("APA") which speaks for itself and is the best evidence of its contents. Otherwise, denied.

212. The allegations in Paragraph 212 are denied.

213. The allegations in Paragraph 213 are denied.

214. The allegations in Paragraph 214 are denied.

215. The allegations in Paragraph 215 are denied.

216. The allegations in Paragraph 216 are denied.

217. The allegations in Paragraph 217 are denied.

218. The allegations in Paragraph 218 are denied.

219. The allegations in Paragraph 219 are denied.

220. The allegations in Paragraph 220 are denied.

221. The allegations in Paragraph 221 are denied.

222. The allegations in Paragraph 222 are denied.

223. The allegations in Paragraph 223 are denied.

224. The allegations in Paragraph 224 are denied.

225. The allegations in Paragraph 225 are denied.

226. The allegations in Paragraph 226 are denied.

227. The allegations in Paragraph 227 are denied.

## SECOND CLAIM FOR RELIEF

228. SEG incorporates all preceding paragraphs by reference.

229. The allegations in Paragraph 229 are denied.

230. The allegations in Paragraph 230 are denied.

231. The allegations in Paragraph 231 are denied.

232. The allegations in Paragraph 232 are denied.

233. The allegations in Paragraph 233 are denied.

234. The allegations in Paragraph 234 are denied.

235. The allegations in Paragraph 235 are denied.

236. The allegations in Paragraph 236 are denied.

237. The allegations in Paragraph 237 are denied.

238. The allegations in Paragraph 238 are denied.

239. The allegations in Paragraph 239 are denied.

240. The allegations in Paragraph 240 are denied.

241. The Regional Conditions for the 2026 NWPs in the Caribbean District speak for themselves and are the best evidence of their contents, and SEG denies any allegations that are inconsistent therewith.

242. The allegations in Paragraph 242 are denied.

243. The allegations in Paragraph 243 are denied.

244. The allegations in Paragraph 227 are denied.

**THIRD CLAIM FOR RELIEF**

245. SEG incorporates all preceding paragraphs by reference. The allegations in Paragraph 246 are denied.

246. The allegations in Paragraph 247 are denied.

247. SEG admits that Paragraph 248 contains quotes from the CZMA which speaks for itself and is the best evidence of its contents, and SEG denies any allegations that are inconsistent therewith. Otherwise, denied.

248. The allegations in Paragraph 249 are denied.

**FOURTH CLAIM FOR RELIEF**

249. SEG incorporates all preceding paragraphs by reference.

250. Paragraph 251 contains characterizations of NEPA which speaks for itself and is the best evidence of its contents, and SEG denies any allegations that are inconsistent therewith.

251. Paragraph 252 contains characterizations of NEPA regulations which speak for themselves and are the best evidence of their contents, and SEG denies any allegations that are inconsistent therewith.

252. SEG admits that the EPA identified Aquatic Resources of National Importance within Coral Harbor. Otherwise, denied.

253. SEG lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 254 and therefore denies the allegations.

254. The allegations in Paragraph 255 are denied.

255. The allegations in Paragraph 256 are denied.

256. The allegations in Paragraph 257 are denied.

257. The allegations in Paragraph 258 are denied.

258. The allegations in Paragraph 259 are denied.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint contains their requested relief, to which no response is required. To the extent a response is required, Intervenor-Defendant SEG denies that Plaintiffs are entitled to any relief.

## SEG'S AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Complaint, SEG asserts the following affirmative defenses:

### First Defense

Plaintiffs' Complaint should be dismissed for lack of subject matter jurisdiction.

### Second Defense

Plaintiffs' claims should be dismissed for failure to state a claim upon which relief can be granted.

**Third Defense**

SEG reserves the right to raise any affirmative defense, including but not limited to those expressly found in the Fed. R. Civ. P 8(c), that may be supported by the facts, law, or administrative record.

WHEREFORE, having fully answered the factual allegations of Plaintiffs' Complaint, SEG prays that this Court dismiss the Complaint with prejudice or enter judgment in favor of Intervenor-Defendant SEG. SEG further requests such other relief as the Court deems appropriate.

Respectfully submitted,

Law Office of John H. Benham, P.C.

Dated: October 19, 2026 By: /s/ John H. Benham III

V.I. Bar No. 130
P.O. Box 11720
St. Thomas, VI 00801-4720
Tel: (340) 244-7626
E-mail: john@benhamlawvi.com
Attorney for Intervenor
The Summer's End Group, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2026, pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), a true and correct copy of the foregoing Answer was served by CM/ECF on all parties who have appeared in this action.

/s/ John H. Benham III